IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1281 GMS |
| | ) | (Consolidated with C.A. No. 04-911 GMS) |
| DELAWARE RIVER AND BAY | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

## I.      INTRODUCTION

On September 20, 2004, plaintiff Jan Kopacz filed the above-captioned action against the

Delaware River and Bay Authority ("DRBA"), pursuant to general maritime law, for injuries arising

from a workplace accident that allegedly occurred on a DRBA ferry.  Kopacz contends that he is

entitled to recover damages related to unpaid "maintenance and cure,"[1] as well as punitive damages.

Presently before the court is DRBA's motion for partial summary judgment to dismiss Kopacz's

demand for punitive damages.  (D.I. 20.)  For the following reasons, the court will grant DRBA's

motion.

## II.     DISCUSSION

Kopacz alleges he was injured on August 9, 2002, when he was struck by a motor vehicle

while he was assisting passengers with parking aboard the M/V DELAWARE, a car ferry owned

and operated by DRBA.  Although Kopacz alleges that he was unable to work due to his injuries,

---

[1]"Maintenance is the living allowance for a seaman while he is ashore recovering from injury or illness. Cure is payment of medical expenses incurred in treating the seaman's injury or illness."  *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82, 84 (3d Cir. 1996) (quoting *Barnes v. Andover Co., L.P.*, 900 F.2d 630, 633 (3d Cir. 1990)).

DRBA does not believe that the accident actually occurred, and therefore, has refused to pay maintenance and cure. Moreover, DRBA contends that, even if the accident did occur, Kopacz is barred from recovering punitive damages as a matter of law.

Under general maritime law, "[i]f [a] shipowner unreasonably refuses to pay a marine employee's claim for maintenance and cure, the employee may recover consequential damages, including lost wages, pain and suffering, and attorneys' fees and costs." *O'Connell v. Interocean Mgmt. Corp.*, 90 F.3d 82, 84 (3d Cir. 1996). Kopacz argues that an unreasonable refusal should entitle him to punitive damages as well. However, in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), the Supreme Court held that because the Jones Act, 46 U.S.C. § 688 (2005), which "provides an action in negligence for the death or injury of a seaman," *Miles*, 498 U.S. at 29, "limits recovery to pecuniary loss . . . [i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death [or injury] resulting from negligence," *id.* at 32-33.

Although *Miles* involved a wrongful death action brought under general maritime law, its holding is equally applicable in this case because a seaman's entitlement to maintenance and cure is also judicially-created cause of action in which liability is without fault. *See id.* at 25 ("the warranty of unseaworthiness [is] a strict liability obligation"); *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996) (describing general maritime law as "a species of judge-made federal common law"); *Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496, 1500 (5th Cir. 1995) ("In the United States, the doctrine of maintenance and cure appears to have been recognized by Justice Story in two cases which he decided while riding on circuit."). Furthermore, the Third Circuit recently affirmed a case

out of the District of New Jersey, in which Judge Irenas commented in a footnote that "punitive damages may not be awarded in a seaman's personal injury case under the Jones Act." *Jackson v. Del. River & Bay Auth.*, 334 F. Supp. 2d 615, 616 n.2 (D.N.J. Feb. 27, 2004), *aff'd*, 114 Fed. Appx. 511 (3d Cir. 2004). While the issue of punitive damages was not reached on appeal, the court finds it somewhat persuasive that the Third Circuit did not see fit to point out any disagreement it may have had with Judge Irenas' conclusion on that issue. Thus, the court holds that Kopacz cannot recover punitive damages for DRBA's alleged failure to pay maintenance and cure.

To the extent Kopacz argues that the Supreme Court's decision in *Yamaha* dictates a different result, the court is not persuaded. As Kopacz acknowledges, *Yamaha* involved "punitive damages in general maritime cases where no federal statute is involved." (D.I. 25 at 9.) Indeed, the Court explicitly stated:

> When Congress has prescribed a comprehensive tort recovery regime to be uniformly applied, there is, we have generally recognized, no cause for enlargement of the damages statutorily provided. *See Miles*, 498 U.S. at 30-36 (Jones Act, rather than general maritime law, determines damages recoverable in action for wrongful death of seamen); . . . But Congress has not prescribed remedies for the wrongful deaths of *nonseafarers* in territorial waters.

*Yamaha*, 516 U.S. at 215 (emphasis added). In this case, Kopacz is a seaman by his own admission. (D.I. 25 at 3.) Therefore, *Miles* remains controlling precedent, and punitive damages are not recoverable.

**V.    CONCLUSION**

For the foregoing reasons, the court will grant DRBA's motion for summary judgment on

the issue of punitive damages.


Dated: September 26, 2005                          /s/ Gregory M. Sleet
                                                   UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAN KOPACZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1281 GMS |
| | ) | (Consolidated with C.A. No. 04-911 GMS) |
| DELAWARE RIVER AND BAY | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

IT IS HEREBY ORDERED THAT:

DRBA's motion for partial summary judgment (D.I. 20) be GRANTED.


Dated: September 26, 2005                   /s/ Gregory M. Sleet
                                                         UNITED STATES DISTRICT JUDGE