IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| JAN KOPACZ and CATHY KOPACZ, | : | C.A. No. 04-911 GMS |
| | : | |
| Plaintiffs, | : | Jury Trial Demanded |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, and CRAIG SWETT, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| JAN KOPACZ, | : | C.A. No. 04-1281 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE RIVER AND BAY | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

## **DRBA'S OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS**

Defendant Delaware River & Bay Authority (DRBA) objects to the reading of the depositions of either Bonnie Miller or Craig Swett unless the witnesses are unavailable at trial. Both Miller and Swett will testify live at trial, and therefore the reading of their depositions is inappropriate.

In the event that the Court overrules the DRBA's general objection, the DRBA objects in particular to reading the following portions of the depositions of Bonnie Miller and Craig Swett:

MILLER

Pp.. 25-26          Objection.  References to insurance coverage for claims made in
                    this suit.  DRBA has no objection to references to medical or
                    disability insurance which is provided as a benefit to employees,
                    but objects to any mention of P&I insurance which covers claims
                    such as those made by plaintiff.

Pg. 29              Objection.  Witness is being asked for a legal conclusion.

Pp. 53-55           Objection.  Calls for speculation as to what another individual, Ed
                    Ledwon, was thinking.

Pp. 77-80           Objection.   References to insurance agent, and insurance.


SWETT

All                 The testimony designated by plaintiff is not an admission against
                    Swett's interest, but rather seems to be designed to establish
                    liability against the DRBA, and therefore it is inadmissible hearsay
                    unless Swett is unavailable at trial, in which case the entire
                    deposition must be admitted, subject to the objections made
                    therein.

Pp. 83-84           Objection.  Improper cross-examination asking the witness to
                    verfiy the accuracy of a lengthy transcribed statement.  DRBA
                    objected to the line of questioning at page 81 and 82, and to the
                    extent it is allowed, the witness' caveat on page 81 and 82 must be
                    read as well.


                                        ROSENTHAL, MONHAIT, GROSS
OF COUNSEL:                                 & GODDESS, P.A.

Mary Elisa Reeves, Esquire              /s/ Carmella P. Keener
DONNA ADELSBERGER                       Carmella P. Keener (DSBA No. 2810)
 & ASSOCIATES, P.C.                     919 N. Market Street, Suite 1401
6 Royal Avenue, P.O. Box 530            P. O. Box 1070
Glenside, PA 19038-0530                 Wilmington, DE 19899-1070
(215) 576-8690                          (302) 656-4433
                                            Attorneys for Defendant
                                            Delaware River and Bay Authority

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2006 I electronically filed with the Clerk of Court

using ECF DRBA's Objections to Plaintiff's Deposition Designations which will send

notification of such filing to the following:

Donald M. Ransom, Esquire
Casarino, Christman & Shalk, P.A.
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899

James J. Woods, Esquire
Law Office of James J. Woods, Jr., P.A.
P.O. Box 4635
Greenville, DE 19807

/s/ Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com

cc: Alfred Smith (via facsimile)